UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEMIRENE MAJOROS,

    Plaintiff,

vs.

NEW NATIONAL, LLC,
d/b/a National Hotel,
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, Jemirene Majoros, by her undersigned attorney, makes the following Complaint against the Defendant, New National LLC:

### Jurisdiction and Venue

1. This action is brought to redress violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. This court has jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. The claims asserted in this action arose within this district and the alleged statutory violation occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391.

### Parties

3. The Plaintiff, Jemirene Majoros ("Majoros"), is and at all times relevant to this complaint was an adult citizen and resident of the State of Florida and was an employee of Defendant as defined by 29 U.S.C. § 203(e), and during her employment was engaged in

commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

4. The Defendant, New National, LLC ("National Hotel"), is and at all times relevant to this complaint was a limited liability company organized and doing business pursuant to the laws of the State of Delaware with a principal place of business in Miami-Dade County, Florida. New National, LLC does business as National Hotel, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the hotel where Majoros was employed. At all times pertinent to this Complaint, National Hotel operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and National Hotel obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## General Allegations

5. Majoros commenced employment by National Hotel on or about May 1, 2018.

6. Majoros was initially given the job title Marketing and Graphic Designer Manager. Her job title was later changed to Branding Manager.

7. The change of job title did not affect Majoros' job duties, which did not involve business management, authority over other employees, or any role in the operation of National Hotel's business.

8. Majoros' primary job duties involved the routine use of design software under the close supervision and direction of National Hotel's Director of Sales and Marketing.

9. Majoros' job duties did not require significant creativity, originality, or individuality. Rather, she created standard designs that she was told to create in the way that she was told to create them.

10. No exemption specified in 42 U.S.C. § 213 applied to Majoros' employment.

11. Throughout her employment, Majoros was paid a fixed salary regardless of the number of hours she worked.

12. On average, Majoros worked 65 hours per week during each week of her employment during 2018, consisting of 11 hours per weekday and a total of 10 additional hours on weekends.

13. On average, Majoros worked 55 hours per week during each week of her employment during 2019.

14. National Hotel terminated Majoros' employment, effective on or about August 13, 2019.

15. Although Majoros worked an average of 25 overtime hours per week during each workweek of her employment in 2018 and an average of 15 overtime hours per week during each workweek of her employment in 2019, she was not paid any additional compensation for those overtime hours.

### Claim: Violation of FLSA (Unpaid Overtime)

16. Majoros realleges and incorporates the facts stated in paragraphs 1 to 15 of this Complaint.

17. At all times relevant to this complaint, National Hotel was Majoros' employer.

18. At all times relevant to this complaint, National Hotel was an enterprise engaged in an industry affecting commerce which had employees engaged in commerce, including Majoros, who were subject to the provisions of the FLSA.

19. At all times relevant to this complaint, Majoros regularly worked more than 40 hours per workweek.

20. At all times relevant to this complaint, National Hotel failed to pay compensation to Majoros for her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which she was employed.

21. National Hotel willfully, intentionally, in bad faith, and with reckless disregard for the statutory rights of Majoros violated 29 U.S.C. § 207 by failing to pay Majoros the premium overtime wages she earned for all hours worked in excess of 40 during each workweek.

22. Pursuant to 29 U.S.C. § 216(b), Majoros is entitled to recover her unpaid overtime wages, including interest, and an additional equal amount as liquidated damages, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

### Demand for Relief

WHEREFORE, Plaintiff Jemirene Majoros demands judgment against Defendant New National, LLC for:

a. unpaid overtime wages in an amount to be proved at trial;
b. interest;

  c.  liquidated damages equal to the sum of the monetary losses and the interest requested above;

  d.  an award of reasonable attorney's fees and the costs of this action; and

  e.  such further relief as is just.

### Jury Demand

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated: May 6, 2020
Plantation, Florida

            Respectfully submitted,

          By:  */s/ Robert S. Norell, Esq.*
            Robert S. Norell, Esq.
            Fla. Bar No. 996777
            E-Mail: rob@floridawagelaw.com
            **ROBERT S. NORELL, P.A.**
            300 NW 70th Avenue
            Suite 305
            Plantation, FL 33317
            Telephone: (954) 617-6017
            Facsimile: (954) 617-6018
            *Counsel for Plaintiff*